UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON DAY,
    Plaintiff,

v.                                            No. 3:15-cv-001574 (JAM)

COLLEEN GALLAGHER, *et al.*,
    Defendants.

**INITIAL REVIEW ORDER AND ORDER TO SHOW CAUSE**

Plaintiff Jason Day is currently incarcerated at MacDougall-Walker Correctional Institution. He has filed a complaint under 42 U.S.C. § 1983 against Program Director Colleen Gallagher, Dr. Fedus, Nurse Nikki, and Administrator Rikell Lightner. For the reasons set forth below, the complaint is dismissed in part. Plaintiff has also filed a motion for preliminary injunction (Doc. #3), seeking an order directing the defendants to provide him with shower shoes that fit his feet. Defendants shall respond to this motion and address why the relief requested should not be granted.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

Plaintiff alleges that he suffers from many medical conditions including chronic lower extremity lymphedema and cellulitis. These conditions cause swelling in his legs and ulcers or open wounds on his feet and legs. Possibly in part due to his condition, plaintiff has very large feet that require extra-large and wide shower shoes. He does not have shower shoes that fit his feet. In order to reach the shower in his housing unit, plaintiff must often walk barefoot through overflow from the unit toilet that is located in the shower area. The shower is also used by inmates who are disabled and have colostomy bags that are emptied near or in the shower. These conditions subject plaintiff to a great risk of infection in his feet and legs. Plaintiff alleges that the defendants have refused to provide him with shower shoes that fit his feet. Instead, they have told him to purchase the shoes in the commissary. Plaintiff, however, does not have a prison job or any other source of income and is unable to purchase the shoes.

Plaintiff seeks injunctive and declaratory relief and monetary damages. To the extent plaintiff seeks damages against the defendants in their official capacities, the claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). All such official capacity claims are dismissed pursuant to 28 U.S.C. §

1915A(b)(2). The Eleventh Amendment, however, does not bar plaintiff's claim for injunctive relief. *See Ex parte Young*, 209 U.S. 123 (1908).

The Court concludes for now that the plaintiff's allegations otherwise may state plausible claims of deliberate indifference to safety and medical needs. *See Gonzalez v. Mullen*, 446 F. App'x 17 (9th Cir. 2011) (inmate's allegation that he was unable to obtain shower shoes and thereby put at risk of bacterial exposure found to be sufficient to state an Eighth Amendment claim); *but see Puranda v. Kellett*, 2011 WL 6742498, at *4 (E.D. Va. Dec. 22, 2011) ("Shower shoes are not a basic human need."). The case will proceed against the defendants in their individual and official capacities.

## ORDERS

The Court enters the following orders:

(1) The claims against all defendants in their official capacities for money damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2). The deliberate indifference to safety and medical needs claims will proceed against defendants Program Director Colleen Gallagher, Dr. Fedus, Nurse Nikki, and Administrator Rikell Lightner in their individual and official capacities.

(2) **Within twenty-one (21) days of this Order**, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on the defendants in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3) **Within twenty-one (21) days of this Order**, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Program Director Colleen Gallagher, Dr. Fedus, Nurse Nikki and Administrator Rykell Lightner and mail

a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, **within sixty (60)** days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed **within six months (180 days)** from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed **within seven months (210 days)** from the date of this order.

(7)      **The Clerk is directed to forward a copy of this order and the motion for injunctive relief (Doc. #3) to Assistant Attorney Generals Terrence M. O'Neill and Madeline Melchionne. On or before January 11, 2016, defendants shall file a response to the motion showing cause why the relief requested should not be granted.**

It is so ordered.

Dated at New Haven this 21st day of December 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge